Peter Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796

RONALD M. DAIGNAULT*
(*pro hac vice* to be filed)
rdaignault@daignaultiyer.com
CHANDRAN B. IYER
(*pro hac vice* to be filed)
cbiyer@daignaultiyer.com
DAIGNAULT IYER LLP
8229 Boone Boulevard
Suite 450
Vienna, VA 22182
Phone: (917) 838-9795

Attorneys for Plaintiff
IN 2 DEVELOPMENTS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN 2 DEVELOPMENTS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VIRIBRIGHT LIGHTING INC.,<br><br>*Defendant*. | Case No. 2:24-cv-8548<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>***JURY TRIAL DEMANDED*** |

Plaintiff IN 2 Developments LLC ("IN 2") files this Complaint against defendants Viribright Lighting Inc. for patent infringement of United States Patent Nos. 9,702,510 and 9,995,436 (collectively the "patents-in-suit") and alleges as follows:

## JURISDICTION

1.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1338(a) (patents).

## THE PARTIES

2. Plaintiff IN 2 is a limited-liability company organized under the laws of the State of Minnesota with its principal place of business at 18208 County Road 36, Crosby, MN 56441.

3. Plaintiff's principal, Mr. Deloren E, Anderson ("Mr. Anderson") is the CEO/Owner of IN 2 Developments LLC, which is the entity that owns the patents-in-suit.

4. On information and belief, defendant Viribright Lighting Inc. is a California corporation with principal addresses at 355 E Rincon Street, Ste 219, Corona, CA 92879 and 1450 E. Mission Blvd, Ontario, CA 91761 and is a subsidiary of Matrix Holdings Limited.

## PERSONAL AND SUBJECT MATTER JURISDICTION AND VENUE

5. On information and belief, Viribright is subject personal jurisdiction in the State of California in accordance with due process and/or the California Long Arm Statute because, in part, Viribright has committed, and continues to commit, acts of infringement in the State of California, has conducted business in the State of California, and/or has engaged in continuous and systematic activities in the State of California.

6. On information and belief, Viribright makes, offers to sell, or sells a variety of LED Lightbulbs throughout the United States, including in the State of California, including without limitation its 35-Watt-Equivalent LED Lightbulb and other LED Lightbulbs that rely on, use, and/or employ the same and/or similar design and construction of Viribright's 35-Watt-Equivalent LED Lightbulb (hereinafter referred to collectively and individually as "Viribright Products").

7. On information and belief, the accused Viribright Products infringe one or more claims of each of the patents-in-suit.

8. This court has personal jurisdiction and subject matter jurisdiction over Viribright because it committed and continues to commit acts of infringement in

1  this judicial district in violation of 35 U.S.C. § 271(a). In particular, on information and belief, Viribright has made, offered to sell or sold infringing products in this judicial district, including the accused Viribright Products.

9. On information and belief, Viribright is subject to the Court's justification because it regularly conducts and solicits business, or otherwise engages in a persistent course of conduct in this district, and/or derives substantial revenue from the sale and distribution of goods and services provided to individuals and businesses in this district.

10. This court has personal jurisdiction over Viribright because, on information and belief, Viribright: (1) has committed acts of patent infringement in this judicial district, (2) has substantial, continuous, and systematic contacts with this State and this judicial district; (3) owns, manages, and operates facilities in this State and this judicial district; (4) enjoys substantial income from its operations and sales in this State and this judicial district; (5) employs California residents in this State, and (6) solicits business and markets products, systems and/or services in this State and judicial district including, without limitation, the infringing Viribright Products.

11. Venue is also proper pursuant to 28 U.S.C. § 1391(b), (c)(3), or (d) and/or 28 U.S.C. § 1400(b) and the Federal Circuit's decision in *In re Monolithic Power Sys.*, 50 F.4th 157 (Fed. Cir. 2022), at least because, upon information and belief, Viribright has multiple employees based out of this district.

12. Venue is proper also because Viribright has an established place of business in this district, transacted business in this district and has directly committed acts of patent infringement in this district.

## THE ASSERTED PATENTS

**United States Patent No. 9,702,510 and Patent No. 9,995,436**

13. On July 11, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,702,510 ("the '510

1  patent") entitled "LED LIGHT BULB" to inventor Deloren E. Anderson.

2      14.    The '510 patent is presumed valid under 35 U.S.C. § 282.

3      15.    IN 2 owns all rights, title, and interest in the '510 patent.

4      16.    IN 2 has not granted Viribright a license to the rights under the '510 patent.

5      17.    On Jun 12, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,995,436 ("the '436 patent") entitled "LED LIGHT BULB" to inventor Deloren E. Anderson.

6      18.    The '436 patent is presumed valid under 35 U.S.C. § 282.

7      19.    IN 2 owns all rights, title, and interest in the '436 patent.

8      20.    IN 2 has not granted Viribright a license to the rights under the '436 patent.

9      21.    The '510, and '436 patents observed that at the time of the invention, traditional lighting solutions did not capitalize on the benefits of LEDs, which included longer lifespans and higher energy efficiency. There was a need for light bulbs that combined the advantages of LEDs with conventional designs for broader acceptance and application.

10      22.    The claimed invention(s) of the '510 and '436 patents sought to solve these problems with the integration of LED circuitry into the structure of conventional light bulbs, and improve upon, existing light bulb designs.

11      23.    The '510 and '436 patent describe as one implementation, among other things, the use of a substantially cylindrical elongated filament that is supported by conductive contacts and encased in a bulb, with LED channels disposed within the filament to enhance lighting efficiency and longevity.

12      24.    The specification of the '510 and '436 patents and the invention(s) claimed in the patent solve inter alia various technological problems inherent in integrating LED technology into traditional bulb designs by creating a light bulb that (1) includes an Edison style base, (2) features LED circuitry coupled to the

base, (3) employs a conductive structure with proximal and distal contacts, (4) incorporates an elongated filament that extends into the bulb and is encased by it, (5) integrates an LED channel within the filament, and (6) contains an inert gas within the bulb.

## CLAIMS FOR RELIEF

### Count I Infringement of United States Patent No. 9,702,510

25. IN 2 realleges and incorporates by reference, as if fully set forth here, the allegations of the previous paragraphs above.

26. On information and belief, Viribright infringes (literally and/ or under the doctrine of equivalents) at least claim 1 of the '510 patent because it makes, sells, imports and/or offers to sell the Viribright Products in the United States in violation of 35 U.S.C. § 271(a).

27. On information and belief, and as shown below, the Viribright Products exhibit a Light Bulb comprising an Edison style base.



28.     On information and belief, and as shown below, the Viribright Products exhibit a bulb sealed about the base and extending above the base.



29.     On information and belief, and as shown below, the Viribright Products exhibit 'a conductive structure including a proximal contact that is proximate the base […] and a first distal contact that is distal from the base.'



30. On information and belief, and as shown below, the Viribright Products exhibit 'a substantially cylindrical elongated filament […]'



'[…] supported on a first proximate filament end by the first proximate contact; and supported on a first distal filament end by the first distal contact; the filament extending from the base into the bulb above the base […]'



'[…] wherein the bulb entirely encases the elongated filament.'



31. On information and belief, and as shown below, the Viribright Products exhibit a 'light emitting diode circuitry coupled to the base.'



32. On information and belief, and as shown below, the Viribright Products exhibit a 'light emitting diode channel disposed within the filament, coupled to the light emitting diode circuitry, and extending into the bulb above the base.'



33. On information and belief, and as shown above and below, Viribright Products exhibit a light emitting diode channel disposed within the filament,



Figure 1. Filament manufacturing process

coupled to the light emitting diode circuitry, and extending into the bulb above the base.'

34. Viribright's direct infringement has damaged IN 2 and caused it to suffer and continue to suffer irreparable harm and damages.

## Count II Infringement of United States Patent No. 9,995,436

35. IN 2 realleges and incorporates by reference, as if fully set forth here, the allegations of the previous paragraphs above.

36. On information and belief, Viribright infringes (literally and/ or under the doctrine of equivalents) at least claim 1 of the '436 patent because it makes, sells, imports and/ or offers to sell the Viribright Products in the United States in violation of 35 U.S.C. § 271(a).

37. On information and belief, and as shown below, the Viribright Products exhibit a Light Bulb comprising an Edison style base.



38. On information and belief, and as shown below, the Viribright Products exhibit a bulb sealed about the base and extending above the base.

39. On information and belief, and as shown below, the Viribright Products exhibit 'a conductive structure including a proximal contact that is proximate the base […] and a first distal contact that is distal from the base.'



40. On information and belief, and as shown below, the Viribright Products exhibit 'a substantially cylindrical elongated filament […]'



'[…] supported on a first proximate filament end by the first proximate contact; and supported on a first distal filament end by the first distal contact; the filament extending from the base into the bulb above the base […]'



'[…] wherein the bulb entirely encases the elongated filament.'



41. On information and belief, and as shown below, the Viribright Products exhibit a 'light emitting diode circuitry coupled to the base.'



42. On information and belief, and as shown below, the Viribright Products exhibit a 'light emitting diode channel disposed within the filament,

coupled to the light emitting diode circuitry, and extending into the bulb above the base.'



43. On information and belief, and as shown above and below, Viribright Products exhibit a light emitting diode channel disposed within the filament, coupled to the light emitting diode circuitry, and extending into the bulb above the base.'



Figure 1. Filament manufacturing process

44. Viribright's direct infringement has damaged IN 2 and caused it to suffer and continue to suffer irreparable harm and damages.

## PRAYER FOR RELIEF

IN 2 respectfully requests this Court to enter judgment in IN 2's favor against Viribright as follows:

    A. Finding that Viribright has infringed on one or more claims of the '510 patent under 35 U.S.C. § 271(a);

    B. Finding that Viribright has infringed on one or more claims of the '436 patent under 35 U.S.C. § 271(a);

    C. Awarding IN 2 damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

    D. Awarding IN 2 pre-judgment and post-judgment interest on the damages award and costs;

    E. Awarding the costs of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or otherwise permitted by the law; and

    F. Awarding such other costs and further relief that the Court determines to be just and equitable.

## JURY DEMANDED

Under Federal Rule of Civil Procedure 38(b), IN 2 hereby requests a trial by jury on all issues so triable.

Dated: October 4, 2024    **PERKOWSKI LEGAL, PC**

    **DAIGNAULT IYER LLP**

By:    /s/ Peter E. Perkowski
    Peter E. Perkowski
    Attorneys for Plaintiff